IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| H&H AVIONICS, INC. and ROCKY HUGHES, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 10-98 ) |
| VIRGIN ISLANDS PORT AUTHORITY et al, | ) ) ) |
| Defendants. | ) |

AMBROSE, U.S. Senior District Judge

### MEMORANDUM OPINION AND ORDER

In this civil case, H&H Avionics, a corporation that provides aeronautical services, and its president, Rocky Hughes ("Plaintiffs"), allege that Defendants[1] breached an agreement to lease them land to build and operate a fixed based operation at the Henry E. Rohlsen Airport located in St. Croix in the U.S. Virgin Islands. Plaintiffs allege Defendants engaged in a pattern of discriminatory and anti-competitive behavior which prevented Plaintiffs from establishing their business and caused them to fall behind in rent, resulting in Defendants filing to evict Plaintiff.[2] Complaint, Docket No. [1], p. 1-4. Plaintiffs seek damages for breach of contract, discrimination, infliction of emotional distress, and punitive damages. *Id.* at 10-11.

Defendants filed a Motion to Dismiss the Complaint (Docket No. [13]) and a supporting Brief (Docket No. [14]) based on Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiffs filed a Brief in Opposition (Docket No. [19]) thereto, and Defendants filed a Reply Brief (Docket No. [23]). After careful consideration of the submissions of the parties, Defendants' Motion to

---

[1] As used herein, "Defendants" refers to: Virgin Islands Port Authority, Ken Hobson, David Mapp, and Avia Elcock.
[2] On September 8, 2009, during a Forcible Entry and Detainer Hearing held in the Superior Court of the Virgin Islands, Defendants were granted restitution of the property. Docket No. [14], p. 3. Plaintiffs appealed, staying the judgment, and the case is currently pending before the Superior Court of the Virgin Islands. *Id.* at 3 & 5-7; Appellate Div. Case No. SX-09-CV-356.

1

Dismiss at Docket No. [13] is granted without prejudice, and Plaintiffs are granted leave to file an amended complaint.

Defendants assert that this Court lacks subject matter jurisdiction over Plaintiffs' discrimination claim (Plaintiffs' only federal claim) because the federal statutes cited by the Plaintiffs do not provide for a private cause of action.  Docket No. [14], p. 7-8.  Defendants argue that Plaintiffs first must exhaust administrative remedies provided by the Federal Aviation Administration under the Airport and Airway Development Act of 1970.  *Id.* at 9-12.  Plaintiffs respond that federal district court subject matter jurisdiction is appropriate because they are claiming discrimination under 42 U.S.C. § 1983, as well as under Title VII.  Docket No. [19], p. 5-6.  Additionally, Plaintiffs argue that this Court has subject matter jurisdiction over their claim because they "allege violations under the Commerce Clause."  *Id.*

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the jurisdiction of the court to address the merits of the plaintiff's case.  Fed. R. Civ. P. 12(b)(1).  In other words, it "attacks . . . the right of a plaintiff to be heard in Federal court." *Cohen v. Kurtzman*, 45 F. Supp. 423, 428 (D. N.J. 1999).  A Rule 12(b)(1) attack may argue that the plaintiff's federal claim is immaterial and made solely for the purpose of obtaining federal jurisdiction, is insubstantial and frivolous or, alternatively, the attack may be directed at "the existence of subject matter jurisdiction in fact."  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  In a Rule 12(b)(1) motion based on the existence of jurisdiction, no presumption of truthfulness attaches to the allegations of the plaintiff.  *Id.*  The plaintiff bears the burden of persuading the court that it has jurisdiction.  *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991), *cert. denied*, 501 U.S. 1222 (1991).  If this Court determines that it does not have subject matter jurisdiction over the case, then the action must be dismissed.  *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997).

I find this Court lacks subject matter jurisdiction because Plaintiffs' discrimination claim is insufficiently pleaded.[3]  Plaintiffs' broad-brush Complaint is too vague and ambiguous to address.  In their Complaint (Docket No. [1]), and in their responsive brief (Docket No. [19]), in an attempt to secure federal subject matter jurisdiction, Plaintiffs repetitively name several federal statutes: Section 1983 and Title VII, and allege that their claim arises under the Constitution by citing the Commerce Clause.  However, Plaintiffs do not specifically assert cognizable constitutional or statutory deprivations providing any basis for federal jurisdiction.  Because mere allegations of violations of rights protected by federal statutes or the Constitution cannot establish subject matter jurisdiction, the Complaint must be dismissed.

For example, Section 1983 does not create a right nor does it confer jurisdiction on the federal courts.  *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979).  Section 1983 is a procedural vehicle by which individuals subjected to a deprivation of a Constitutional or statutory right may secure redress.  *Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002).  Individuals alleging a Section 1983 claim must invoke jurisdiction pursuant to a separate jurisdiction-conferring statute.  *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 108 n.4 (1989).  Consequently, in a Section 1983 action, the Court must determine "whether the plaintiff has even alleged the deprivation of a right that either the federal law or the Constitution protects."  *Gruenke v. Seip,* 225 F.3d 290, 298 (3d Cir. 2000).  "Thus, in order to state a valid claim under § 1983, the pleader must allege an independent substantive basis, grounded either in a federal constitutional or statutory right."  *Schwartzberg v. Califano*, 480 F. Supp. 569, 573-74 (S.D.N.Y. 1979).

However, in this case, I find that Plaintiffs have attempted to invoke a jurisdiction-conferring statute (28 U.S.C.A. § 1343(a)(3)[4]) without alleging a perceptible Constitutional or

---

[3] Because Plaintiffs have not carried their burden of demonstrating that this Court has subject matter jurisdiction over their claims, I do not need to address Defendants' "agency framework" argument.
[4] 28 U.S.C. §1343(a)(3) provides that the district courts have original jurisdiction of a civil action "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or

3

statutory basis for a Section 1983 claim.  Similarly vague are Plaintiffs' assertions of discrimination under Title VII and pursuant to the Commerce Clause.[5]  Consequently, I find this Court lacks subject matter jurisdiction over Plaintiffs' discrimination claim.

Despite having dismissed Plaintiffs' claim over which it was alleged this Court had original jurisdiction, this Court still may, in its discretion, exercise supplemental jurisdiction over the remaining state law claims.  28 U.S.C. § 1367(c)(3).  I decline to do so.  No purpose is served by retaining jurisdiction over a matter involving state and local law and actors, with no federal component.  Moreover, these matters already are pending in local court.  Docket [14], p. 7.

In conclusion, I find this Court lacks subject matter jurisdiction over Plaintiffs' discrimination claim because Plaintiffs did not plead any constitutional or statutory deprivations that would establish federal jurisdiction.  Accordingly, Plaintiffs' discrimination claim is dismissed.  Further, I decline to exercise jurisdiction over Plaintiffs' supplemental claims and, therefore, dismiss the Complaint in its entirety without prejudice.  Plaintiffs have leave to amend their Complaint and must do so within thirty days from the date of this Opinion and Order.

Dated:  March 28, 2012

            BY THE COURT:

            /s/<u>Donetta W. Ambrose</u>
            Donetta W. Ambrose
            Senior U.S. District Judge

---

immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."
[5] Unless and until Plaintiffs amend their Complaint, I can only assume that Plaintiffs included these citations in an attempt to establish federal question jurisdiction under 28 U.S.C. § 1331 which gives district courts "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."